ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 17 P 2: 46
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAMIS FELLOVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-002 |
| | ) | |
| WALT WELLS, Warden, and HALLEY G. | ) | |
| LAPPIN, Director of the Bureau of | ) | |
| Prisons,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[2]

I. **BACKGROUND**

Petitioner was convicted in the United States District Court for the Southern District of Florida of one count of conspiracy to possess five kilograms or more of cocaine with the

---

[1] The Court notes that Harley G. Lappin, incorrectly identified by Petitioner as Halley G. Lapin, no longer serves as the Director of the Federal Bureau of Prisons ("BOP"). However, because the Director of the BOP is not a proper respondent in this action, see infra Part II.A, the Court will not order that the current BOP Director be substituted as a respondent. See Fed. R. Civ. P. 25(d).

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the government to respond to the instant petition. 28 U.S.C. § 2243.

intent to distribute, and one count of using, carrying, or possessing a firearm during and in relation to a drug trafficking crime. (Doc. no. 1, pp. 2, 46-47.) On February 13, 2003, he was sentenced to 180 months of imprisonment and five years of supervised release. (Id.)

Petitioner has provided portions of his sentencing transcript showing that the sentencing judge recommended that he be able to participate in the 500-hour Residential Drug Abuse Treatment Program ("RDAP"). (Id. at 44.) Petitioner has also provided an Order issued by the sentencing judge shortly after sentencing that granted Petitioner's *pro se* "Motion for Judicial Recommendation for Prison Designation . . . ." The Order recommended that the BOP assign Petitioner to one of two specified federal facilities in Florida and that Petitioner be allowed to participate in the 500-hour RDAP program. (Id. at 51.)

Based on these recommendations by the sentencing judge, Petitioner asks the Court "to grant an order to immediately transfer [Petitioner] to a [BOP] Camp Facility . . . [so] that [P]etitioner may participate in the 500 hour RDAP program mandated by the sentencing Court." (Id. at 13.) Petitioner asserts that the relief requested is appropriate in light of the Supreme Court's decision in Tapia v. United States, 564 U.S. ___, 131 S. Ct. 2382 (2011). (Id. at 11-13.)

The Court also notes that the instant petition is somewhat similar to two previous § 2241 petitions filed by Petitioner in this District, both of which were dismissed by order of the Honorable Dudley H. Bowen, Jr., United States District Judge, pursuant to recommendations by this Court. See Fellove v. Wells, CV 310-058 (S.D. Ga. Nov. 30, 2010); Fellove v. Wells, CV 309-086 (S.D. Ga. Feb. 8, 2010). In light of the similarity

between Petitioner's previous and current arguments, the Court draws liberally from its analysis of the issues presented in his previous petitions.[3]

## II. DISCUSSION

### A. Proper Respondent

Petitioner named the former Director of the BOP as a Respondent in his petition. However, neither the former nor current Director of the BOP are a proper respondent here because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965).[4] Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that the Director of the BOP be **DISMISSED** from this case.

### B. Improper Challenge to Conditions of Confinement

As was the case with his previous petitions, Petitioner's current petition fails to challenge the fact or duration of his confinement. Instead, his challenge rests on the argument that he should be transferred to a different facility and allowed access to the RDAP.

---

[3]The Court notes that Petitioner, under penalty of perjury, failed to disclose his prior § 2241 petitions when answering the question in the instant petition of whether he has presented his claims in any prior judicial proceeding. (See doc. no. 1, pp. 4, 8.)

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979). "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition.[5] Accordingly, the petition should be dismissed for failure to allege grounds upon which § 2241 relief may be granted.

Additionally, the Court notes that federal prisoners do not possess a constitutional right to be placed, or not to be placed, in a particular prison facility with particular amenities. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Nor do they have constitutional liberty interest in rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Therefore, to the extent that Petitioner alleges a violation of his due

---

[5] Even if Petitioner had filed under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), he still might not be entitled to relief in federal court. See Minneci v. Pollard, 565 U.S. ___, 132 S. Ct. 617, 620 (2012) (holding that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available); Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (same).

4

process rights with respect to eligibility for early release, access to a substance abuse treatment program, or transferal to a different detention facility, his petition is therefore deficient in that it fails to set forth any constitutionally recognizable liberty interest. See McKune, 536 U.S. at 39; Meachum, 427 U.S. at 225; Moody, 429 U.S. at 88 n.9; Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998).

Finally, the Court notes that, while sentencing judges are free to make recommendations as to a federal prisoner's place of designation and participation in rehabilitative programs, it is the BOP, not the sentencing judge, who has the final say on these matters. See 18 U.S.C. § 3621(b), (e)-(f). Indeed, Tapia v. United States, the Supreme Court decision upon which Petitioner mistakenly seeks to rely, affirmed this principle:

> If Congress had . . . meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in prison correctional programs. But in fact, courts do not have this authority. When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f). See also 28 C.F.R. pt. 544 (2010) (BOP regulations for administering inmate educational, recreational, and vocational programs); 28 C.F.R. pt. 550, subpart F (drug abuse treatment programs). A sentencing court can recommend that the BOP place an offender in a particular facility or program. See § 3582(a). But decisionmaking authority rests with the BOP.

131 S. Ct. at 2390-91. Moreover, because the Supreme Court held in Tapia that a sentencing judge may not impose or lengthen a prison term to foster a defendant's rehabilitation, see id. at 2385, that decision provides no basis for granting the relief sought in the instant § 2241 petition.

5

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the Director of the BOP be **DISMISSED** from this case, that the petition filed pursuant to § 2241 be **DISMISSED,** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE